# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### EL PASO DIVISION

| | | |
|---|---|---|
| OSCAR RUBEN APAC | § | |
| | § | CIVIL ACTION NO. **3:24-cv-00127** |
| Plaintiff | § | |
| | § | |
| VS. | § | |
| | § | |
| MEH PROPERTIES INC | § | |
| | § | |
| Defendant | § | |

## **COMPLAINT**

TO THE U.S. DISTRICT JUDGE:

**COMES NOW**, Plaintiff OSCAR RUBEN APAC and brings this cause of action against MEH PROPERTIES INC ("MEH PROPERTIES" or "Defendant"). MEH PROPERTIES INC owns, controls, manages, and rents the real estate, property, and improvements in El Paso, Texas, where a business named LAS CAMPANAS MEAT MARKET AND GROCERY operates. Mr. APAC respectfully shows that the Defendant's real estate, property, and improvements at the location are not accessible to individuals with mobility impairments and disabilities, in violation of federal law.

## I. CLAIM

1.      Mr. APAC, a person with a physical disability and mobility impairments, brings this action for declaratory and injunctive relief, attorney's fees, costs, and litigation expenses against Defendant for violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §§12181, *et seq.* ("ADA"), and its attendant regulations, the Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

2.      Defendant refused to provide Mr. APAC and others similarly situated with

1

sufficient ADA-compliant parking in the parking lot that serves LAS CAMPANAS
MEAT MARKET AND GROCERY. At the El Paso location, there are no ADA-
compliant van-accessible spaces on the shortest access route to the business. In addition,
there are no ADA-required handicapped parking signs.

Based on these facts, Defendant has denied Mr. APAC the ability to enjoy the
goods, services, facilities, privileges, advantages, and accommodations at LAS
CAMPANAS MEAT MARKET AND GROCERY.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over this action pursuant to 28
U.S.C. §1331 and §1343(a)(3) & (a)(4) for violations of the Americans with Disabilities
Act of 1990, 42 U.S.C. §12101, et seq.

4.      Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), as the
events complained of occurred in El Paso, Texas, where the LAS CAMPANAS MEAT
MARKET AND GROCERY business is located.

## PARTIES

5.      Plaintiff OSCAR RUBEN APAC is a resident of El Paso County, Texas.
Mr. APAC has a disability, as established by the federal government and the Social
Security Administration. Mr. APAC has a disabled placard on his vehicle as issued by the
State of Texas. Mr. APAC has significant mobility impairments and uses assistive
devices for mobility. He is a "qualified individual with a disability" within the meaning
of ADA Title III.

6.      Defendant MEH PROPERTIES INC owns, manages, controls, and leases
the improvements and building where the LAS CAMPANAS MEAT MARKET AND

GROCERY business is situated. The address of LAS CAMPANAS MEAT MARKET AND GROCERY is 6700 Alameda Avenue, El Paso, Texas 79905. The business is a place of public accommodation, operated by a private entity, whose operations affect commerce within the meaning of Title III of the ADA.

7.     Defendant MEH PROPERTIES INC is the owner of the property. Defendant is a domestic corporation. Defendant can be served process via service to its Registered Agent, Marcos Enriquez Uribe, at 224 Hadlock, El Paso, Texas 79905, as indicated by records from the Texas Secretary of State.

## II. FACTS

8.     LAS CAMPANAS MEAT MARKET AND GROCERY is a business establishment and place of public accommodation in El Paso, Texas. LAS CAMPANAS MEAT MARKET AND GROCERY is situated on real estate, property, and improvements owned, controlled, managed, and leased out by MEH PROPERTIES INC.

9.     LAS CAMPANAS MEAT MARKET AND GROCERY is not accessible to disabled individuals because it has no ADA-compliant van-accessible spaces on the shortest access route to the business. At the El Paso location, there are none whatsoever on the premises. In addition, there are no ADA-required handicapped parking signs.

10.     Pictures taken at the location prove this:



LAS CAMPANAS MEAT MARKET AND GROCERY business in El Paso, Texas. There is no ADA-compliant van-accessible space (96" wide with 96" side access aisle) near the business entrance on the shortest possible access route. In addition, there are no ADA-required handicapped parking signs.



LAS CAMPANAS MEAT MARKET AND GROCERY business in El Paso, Texas. There is no ADA-compliant van-accessible space (96" wide with 96" side access aisle) near the business entrance on the shortest possible access route. In addition, there are no ADA-required handicapped parking signs.



LAS CAMPANAS MEAT MARKET AND GROCERY business in El Paso, Texas. There is no ADA-compliant van-accessible space (96" wide with 96" side access aisle) near the business entrance on the shortest possible access route. In addition, there are no ADA-required handicapped parking signs.



LAS CAMPANAS MEAT MARKET AND GROCERY business in El Paso, Texas. There is no ADA-compliant van-accessible space (96" wide with 96" side access aisle) near the business entrance on the shortest possible access route. In addition, there are no ADA-required handicapped parking signs.

11.     The Plaintiff went to the LAS CAMPANAS MEAT MARKET AND GROCERY property in April of 2024.

12.     In encountering and dealing with the lack of an accessible facility, the Plaintiff experienced difficulty and discomfort. These violations denied Plaintiff the full and equal access to facilities, privileges and accommodations offered by the Defendant. Plaintiff intends to return to LAS CAMPANAS MEAT MARKET AND GROCERY. By not having an ADA-compliant parking area, the Plaintiff's life is negatively affected because he is not able to safely access the location without fear of being struck by a vehicle. This causes the Plaintiff depression, discomfort, and emotional stress and the Plaintiff is prevented from resuming a normal lifestyle and enjoying access to businesses in his area.

13.     Additionally, on information and belief, the Plaintiff alleges that the failure to remove the barrier was intentional because: (1) this particular barrier is intuitive and obvious; (2) the Defendant exercised control and dominion over the conditions at this location and, therefore, the lack of accessible facilities was not an "accident" because Defendant intended this configuration; (3) Defendant has the means and ability to make the change; and (4) the changes to bring the property into compliance are "readily achievable."

14.     At the El Paso location, there are no ADA-compliant van-accessible spaces on the shortest access route to the business. In addition, there are no ADA-required handicapped parking signs, thus deterring disabled patrons from accessing the business.

15.     The Americans with Disabilities Act (ADA), 42 U.S.C. §12101, has been

6

federal law for over 30 years. These are blatant violations of the ADA.

### III. CAUSE OF ACTION - VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. § 12101

16.     Plaintiff repleads and incorporates by reference, as if fully set forth at length herein, the allegations contained in all prior paragraphs of this complaint.

17.     Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation are offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

    a.     A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

    b.     A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2) (A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D."

    c.     A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the

altered area, are readily accessible to and usable by individuals with disabilities.

42 U.S.C. § 12183(a)(2).

18.     Here, the Defendant did not provide a sufficient number of ADA-compliant van-accessible parking spaces in its parking lot, although doing so is easily and readily done, and therefore violated the ADA.

## IV. RELIEF REQUESTED

Injunctive Relief

19.     Mr. APAC will continue to experience unlawful discrimination as a result of the Defendant's refusal to comply with the ADA. Injunctive relief is necessary so he and all individuals with disabilities can access the Defendant's property equally, as required by law, and to compel Defendant to repave and restripe the parking lot to comply with the ADA. Injunctive relief is also necessary to compel Defendant to keep the property in compliance with federal law.

Declaratory Relief

20.     Mr. APAC is entitled to declaratory judgment concerning Defendant's violations of law, specifying the rights of individuals with disabilities to access the goods and services at the Defendant's location.

21.     The facts are undisputed and Defendant's non-compliance with the ADA has been proven through on-site photographs. Plaintiff proves a *prima facie* case of ADA violations by the Defendant.

Attorney's Fees and Costs

22.     Plaintiff is entitled to reasonable attorney's fees, litigation costs, and court costs, pursuant to 42 U.S.C. §12205.

## V. PLAINTIFF HAS STANDING

23.     The United States Court of Appeals for the Fifth Circuit is clear with regard to ADA standing and set forth its reasoning in *Frame v. Arlington, 657 F.3d 215 (5th Cir. 2011)(cert. denied)*: "Article III standing requires a plaintiff seeking injunctive relief to allege 'actual or imminent' and not merely 'conjectural or hypothetical' injury."

24.     In this manner, the Fifth Circuit ruled in *Frame* that for a person to have standing and bring an ADA claim, the person must allege the inability to access the goods, facilities, and services that the defendant offers. As applied to the instant case, the Plaintiff alleges that he is unable to fully access the goods, facilities, and services at the Defendant's property because the property is not accessible and is not ADA-compliant. The Plaintiff lives in El Paso County, has visited the Defendant's property, has the intent to return, but was 'deterred from visiting or patronizing the accommodation,' thus meeting the requirements for standing in *Frame.*

25.     Again, the Fifth Circuit emphasizes how standing is met by ADA claimants: "Once a plaintiff has actually become aware of discriminatory conditions existing at a public accommodation, the plaintiff has suffered an injury." See *Frame v. Arlington, 657 F.3d 215 (5th Cir. 2011)(cert. denied), quoting Pickern v. Holiday Foods Inc., 293 F.3d 1133, 1136-37 (9th Cir. 2002).* Thereby, Plaintiff meets the Fifth Circuit standard under *Frame* to allege and plead a sufficient cause of action.

26.     Plaintiff also alleges that his day-to-day life has been negatively impacted by the Defendant's refusal to bring the property into ADA compliance. Thus, Plaintiff meets the second prong of the Fifth Circuit's requirement for standing in ADA cases: a) intent to return; and b) negative impact on day-to-day life. *See Frame v. Arlington, supra.*

27.     The parking layout at Defendant's location creates a hazardous condition because: 1) there are no van-accessible spaces and a customer cannot safely exit their vehicle and remove their mobility aids (cane, walker or wheelchair); 2) there are no disabled / handicapped spaces whatsoever, thus forcing disabled customers to park far from the store entrance; and 3) lack of markings / proper signage which allows vehicles to park everywhere, thus creating the likelihood that the Plaintiff could be injured by another vehicle as Plaintiff is offloading mobility assistance devices (cane, walker, wheelchair, etc.) These conditions make it appear that Plaintiff is unwelcome at Defendant's property. Thus, the Plaintiff is deterred from accessing LAS CAMPANAS MEAT MARKET AND GROCERY and meets the pleading standard under *Frame* to show standing and seek injunctive relief.

28.     Intent to Return. Plaintiff has the intent to return to LAS CAMPANAS MEAT MARKET AND GROCERY. The Plaintiff is a resident of El Paso County, Texas, and shops locally. The Plaintiff believes it is beneficial to shop locally to save money and provide for the well-being of his family. Not having access to local businesses (because of his disability) negatively impacts the Plaintiff's daily life. Not being able to patronize local shops and stores negatively impacts Plaintiff in his day-to-day life.

## VI.  PRAYER FOR RELIEF

THEREFORE, Mr. APAC respectfully requests this Court award the following relief:

A.     A permanent injunction, compelling Defendant to comply with the Americans with Disabilities Act; and enjoining Defendant from violating the ADA and from discriminating against Mr. APAC and those similarly situated, in violation of the

law;

B.      A declaratory judgment that Defendant's actions are a violation of the

ADA;

C.      Find that Mr. APAC is the prevailing party in this action, and order

Defendant liable for Plaintiff's attorney's fees, costs, and litigation expenses; and,

D.      Grant such other and additional relief to which Plaintiff may be entitled in

this action.


DATED: April 13, 2024                         Respectfully submitted,

                                  BY:        */S/   R. Bruce Tharpe*
                                             R. Bruce Tharpe
                                             Texas State Bar ID No. 19823800
                                             Colorado State Bar ID No. 54500
                                             Federal Bar ID 13098

                                             **LAW OFFICE OF**
                                             **R. BRUCE THARPE, PLLC**
                                             PO Box 101
                                             Olmito, TX 78575
                                             (956) 255-5111 (Tel)
                                             Email: rbtharpe@aol.com
                                             Questions@BruceTharpeLaw.com

                                             ATTORNEY OF RECORD FOR
                                             PLAINTIFF OSCAR RUBEN APAC